UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY TRIPP, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CROSSMARK, INC., et al.,<br><br>　　　　Defendants. | Case No. 13-cv-03480-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

On October 2, 2013, the Court heard argument on plaintiffs' Motion to Remand. For the reasons discussed below, the Court DENIES the motion to remand.

## BACKGROUND

Plaintiffs filed their class action complaint in Alameda County Superior Court, asserting causes of action on behalf of hourly retail and event specialists for violations of the California Labor Code and California's Unfair Competition Law based on allegations that defendants failed to provide meal and rest breaks and accurate wage statements, failed to cover the expenses of its retail workers, and failed to issue paychecks from a California bank where they could be cashed at no cost. Complaint [Docket No. 1], ¶ 10. Defendants removed the case to this Court on July 26, 2013. Defendants assert that removal jurisdiction exists under the Class Action Fairness Act of 2005 (CAFA), which provides that the federal "district courts shall have original jurisdiction" over a civil "class action" if, among other things, the "matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. §§1332(d)(2), (5). Plaintiffs move to remand, arguing that defendants have failed to meet their evidentiary burden to demonstrate that the value of plaintiffs' claims exceeds 5 million dollars.

## LEGAL STANDARD

A defendant may remove to federal district court an action first brought in state court when

the district court would have original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original subject matter jurisdiction over class actions in which a member of the plaintiff class is a citizen of a state different from any defendant and the aggregate amount of the class members' claims exceeds $5 million. 28 U.S.C. § 1332(d)(2). The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

Under CAFA, a "defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. At&T Mobility Servs. LLC*, 2013 U.S. App. LEXIS 17851, *18 (9th Cir. Aug. 27, 2013). That evidence comes not only from an analysis of the claims actually plead, but also from an analysis of the "potential" claims of the absent class members. *Id.* at *15-18; *see also Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (district courts must determine whether $5 million threshold met "by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million.").

**DISCUSSION**

At issue is whether defendants have shown sufficient evidence to establish by a preponderance of the evidence that the value of plaintiffs' claims exceeds $5 million. In the Notice of Removal, defendants argued that plaintiffs' claims exceed $5 million based on the allegations of violation of California Labor Code section 212.[1] Notice of Removal ¶¶ 14-15. In the Notice, defendants also remarked that while they "have not been included in Defendants' estimation of the amount in controversy," the damages and penalties associated with plaintiffs' meal and rest period claims, as well as plaintiffs' unreimbursed expenses claims would "obviously

---

[1] Plaintiffs' allege that defendants violate California Labor Code § 212 by issuing paychecks drawn on an out-of-state bank with no in-state address for presentation at no cost, so that the paychecks cannot be negotiated without paying a fee and/or being subject to a waiting period. Complaint ¶¶ 10, 18, 99-102. Defendants estimated in their Notice of Removal that those claims were valued at between 10 and 20 million dollars, based primarily on the penalties associated with the section 212 claims.

add significantly to the amount in controversy." *Id*. ¶ 16. In a footnote, defendants explained that a preliminary estimate of the amount in controversy for the meal and break claims was over $16,000,000. *Id*., at 7 n.4.

In their opposition to the motion to remand, defendants explain their reliance on the section 212 damages and penalties to support removal, but primarily rely on plaintiffs' meal and rest period claims to establish the $5 million amount in controversy. Oppo. Br. at 12-20. As to the meal and rest period claims, defendants use the number of currently employed event and hourly specialists (500 of each), assume that for each employee one meal and one rest break was missed per weekly pay period, and then use the minimum wage to determine how much pay employees would allegedly be owed for the missed breaks: $800,000 for the meal period claims and $1,600,000 for the rest period claims. Defendants calculate the penalties associated with those claims to be, for one year, $7,500,000. Oppo. Br. at 18-19.

Plaintiffs do not challenge the sufficiency of defendants' evidence or the accuracy of defendants' calculations. Nor do they allege that using one missed meal and/or rest period for each pay period is an unreasonable basis for their calculations.[2] Instead, plaintiffs argue that defendants should not be able to raise "new grounds" in their opposition brief to defend removal, and that the Court should disregard whether plaintiffs' meal and rest period claims could support defendants' assertion as to the amount in controversy. Reply Br. at 9-11.

The Court, however, finds that reliance on the meal and rest period claims to establish the amount in controversy is not a "new ground." Defendants expressly informed plaintiffs – and the Court – that the meal and rest break claims, while not included in the "amount in controversy calculated" with respect to the section 212 claims in the Notice of Removal, would "obviously add significantly to the amount in controversy" and provided a "preliminary estimate" of the value of

---

[2] Courts in this District have found that where plaintiffs' allege a practice and policy of denying meal and rest periods, defendants can reasonably base their amount in controversy calculations on an estimate that each class member missed one meal and rest break per pay period. *See, e.g.*, *Quintana v. Claire's Stores, Inc.*, 13-0368-PSG, 2013 WL 1736671 (N.D. Cal. Apr. 22, 2013) ("Defendants' estimates of one meal or rest break violation per week is an acceptable method to calculate possible damages for these claims."); *Jasso v. Money Mart Exp., Inc.*, 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ("one violation per week on each claimed basis is a sensible reading of the alleged amount in controversy, as pleaded by Plaintiff.").

3

those claims. Moreover the actual evidence supporting the Notice of Removal (as to both the value of the section 212 claims and the "preliminary estimation" of the meal and rest period claims) is the exact same evidence that defendants rely on to oppose remand: the number of currently employed hourly retail and event specialists and the minimum wage. *Compare* Notice of Removal 14-16 & n.4 *with* Oppo. Br. at 18-20.[3]

Allowing defendants to expand their analysis as to why the amount in controversy has been met in their opposition brief is fully consistent with other cases that have allowed defendants to correct factual deficiencies in their notices of removal by providing supplemental argument and evidence in connection with an opposition to a motion to remand. *See e.g., Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir.2002) (notice of removal deficient because alleged no facts supporting the amount in controversy, but district court appropriately relied on opposition and new evidence as an amendment to notice of removal); *Bicek v. C & S Wholesale Grocers, Inc.*, 2:13-CV-00411-MCE, 2013 WL 4009239, *5 (E.D. Cal. Aug. 5, 2013) (allowing defendants to supplement their notice of removal with facts showing how CAFA amount in controversy met); *but see Navarro v. Servisair, LLC*, C 08-02716 MHP, 2008 WL 3842984, *6-7 (N.D. Cal. Aug. 14, 2008) (noting defendants are not allowed to state a new *legal* basis for removal in opposition, but can correct factual deficiencies in notice by submitting additional evidence in opposing motion to remand); Wright & Miller *et al.*, Federal Practice & Procedure § 3733 (4th ed.) ("defendants may not add completely new grounds for removal" after 30 day removal period ends).

Here, the legal basis for removal has remained consistent: CAFA where the amount in controversy exceeds $5 million. Likewise, the evidence defendants relied upon to support removal has remained consistent: the number of current hourly retail and event specialists and the use of the minimum wage. The only change is defendants' further analysis of the meal and rest

---

[3] In opposing remand, defendants provide a revised declaration from Melanie Stewart, the Director of Application Development at CHI Management Group, L.P. In that revised declaration, Ms. Stewart adds to her declaration submitted in support of removal only information as to the average and lowest hourly wage rates for retail and event specialists during the class period and the actual hourly wage rates for named plaintiffs. Docket No. 16-2. However, defendants' estimate of the value of the meal and rest period claims in the opposition does not rely on this new evidence. Instead, as in the Notice of Removal, defendants use the "minimum wage" to calculate their figures.

1  period claims, which were raised in the Notice of Removal.

2  The Court finds that defendants have demonstrated by a preponderance of the evidence
3  that the amount in controversy at issue exceeds $5 million.

4  **CONCLUSION**

5  For the foregoing reasons, plaintiffs' Motion to Remand is DENIED.

7  **IT IS SO ORDERED**.

8  Dated: October 3, 2013



_____

WILLIAM H. ORRICK
United States District Judge