1  Lara C. de Leon, CA Bar No. 270252
   Lara.deleon@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   695 Town Center Drive, Park Tower, Suite 1500
3  Costa Mesa, CA 92626
   Telephone:    714.800.7900
4  Facsimile:    714.754.1298

5  CAROLYN B. HALL, CA Bar No. 212311
   carolyn.hall@ogletreedeakins.com
6  TIMOTHY L. REED, CA Bar No. 258034
   timothy.reed@ogletreedeakins.com
7  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
8  One Market Plaza
   San Francisco, CA  94105
9  Telephone:    415.442.4810
   Facsimile:    415.442.4870
10
   Attorneys for Defendants
11 CROSSMARK, INC. and CHI MANAGEMENT GROUP, LP

12 ERIC A. GROVER, CA Bar No. 136080
   eagrover@kellergrover.com
13 ROBERT W. SPENCER, CA Bar No. 238491
   rspencer@kellergrover.com
14 KELLER GROVER LLP
   1965 Marker Street
15 San Francisco, CA  94103
   Telephone:    415.543.1305
16 Facsimile:    415.543.7861

17 Attorneys for Plaintiffs
   CLAY TRIPP AND KAREN SOLBERG
18

19                    **IN THE UNITED STATES DISTRICT COURT**

20                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

21                              **SAN FRANCISCO DIVISION**

| | |
|---|---|
| CLAY TRIPP and KAREN SOLBERG, on behalf of themselves and all others similarly situated, and all aggrieved employees<br><br>Plaintiff,<br><br>vs.<br><br>CROSSMARK, INC., CHI MANAGEMENT GROUP, LP, and DOES 1 through 10, inclusive<br><br>Defendant. | Case No. 3:13-cv-03480-WHO<br><br>Consolidated with Case No. 14-cv-4461-WHO<br><br>**STIPULATION AND ORDER TO AMEND SETTLEMENT AGREEMENT AND RESET FINAL APPROVAL HEARING DATE**<br><br>Action Filed:    June 4, 2013<br>Action Removed:    July 26, 2013 |

Plaintiffs Clay Tripp, Karen Solberg and Gayle Smith ("Plaintiffs"), by and through their undersigned counsel, and Defendants CROSSMARK, INC. and CHI MANAGEMENT GROUP, LP ("Defendants" or "CROSSMARK"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1. During the process of finalizing the class data and estimated settlement payments as part of the class notice process several issues arose, including that a number of CROSSMARK employees who met the literal definition of a "Settlement Class 1 (Hourly Class) Member" did not work even one "Eligible Shift" (i.e., a shift of six or more hours), thus subjecting them to the release but no settlement payment. In addition, the parties noted that approximately a number of other Settlement 1 Class Members had estimated pre-tax settlement payments of less than $50 based on their number of Eligible Shifts.

2. The parties have met and conferred and agreed to clarify the definition of Settlement Class 1 to exclude all hourly employees who otherwise meet the current definition of Settlement Class 1 but did not work a single shift of six or more hours during the Settlement 1 Class Period, June 4, 2009 through October 31, 2014. Such individuals will not be part of Settlement Class 1 and will have no rights extinguished as a result of the settlement. To the extent such individuals also fall within the definition of Settlement Class 2, only the limited Settlement Class 2 release will apply.

3. In addition, the parties have agreed that, regardless of the number of Eligible Shifts worked by members of Settlement Class 1, the minimum pre-tax settlement payment will be $50. In order to provide for that minimum payment without reducing the payment to any Settlement Class 1 member with an estimated pre-tax settlement payment over $50, Class Counsel has agreed to reduce their maximum attorneys' fees request from 30% ($420,000) to 25% ($350,000) and reallocate the $70,000 difference to the Settlement 1 Class Members.

4. The parties have revised the approved Settlement Class Notice consistent with the above agreements. A red-lined version of the revised Settlement Class Notice is

attached hereto as Exhibit A.

5. The Settlement Class Notice approved as part of the Court's January 26, 2015 order granting preliminary approval (Docket # 47) was scheduled to be mailed on March 12, 2015. The parties delayed the mailing to work through the issues identified above. If approved by the Court, the revised Settlement Class Notice and Claim Forms can be mailed out by March 27, 2015. The mailing delay requires a change to the current May 27, 2015 final approval hearing date. The parties request that the final approval motion be reset for June 17, 2015 at 2:00 p.m.

THEREFORE, the parties request that the Court enter an Order:

1. Approving the above stipulations and revised Settlement Class Notice and resetting the final approval hearing for June 17, 2015 at 2:00 p.m.

DATED: March 23, 2015

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Lara C. de Leon
Lara C. de Leon
Carolyn B. Hall
Timothy L. Reed

Attorneys for Defendants
CROSSMARK, INC. and CHI MANAGEMENT GROUP, LP

DATED: March 23, 2015

KELLER GROVER LLP

By: /s/ Eric A. Grover
    Eric A. Grover
    Robert W. Spencer

Attorneys for Plaintiffs
CLAY TRIPP and KAREN SOLBERG

DATED: March 23, 2015

KAWAHITO, SHRAGA & WESTRICK

By: /s/ Shawn C. Westrick
    Shawn C. Westrick

Attorneys for Plaintiff
GAYLE SMITH

3   Case No. 3:13-cv-03480-WHO
STIPULATION AND ORDER

**ORDER**

Good cause appearing therefore, the Court herby approves the revised "Settlement Class 1 (Hourly Class) Member" definition, approves the minimum pre-tax settlement payment of $50 to Settlement 1 Class Members and approves the revised Settlement Class Notice. The revised Settlement Class Notice and appropriate Claim Forms shall be mailed by no later than March 27, 2015 (the "Notice Date"). The Final Approval Hearing is scheduled for June 17, 2015 at 2:00 p.m. in Courtroom 2 of this Court. Class Counsel shall file a motion for approval of reasonable attorneys' fees, costs and litigation expenses and a motion for approval of the service award/general release payments for Settlement Class Representatives Tripp, Solberg and Smith no later than 15 days after the Notice Date. If the motion for final approval of the settlement will be unopposed, the motion and all supporting papers may be filed 14 calendar days before the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

**IT IS SO ORDERED.**

Dated: _March 24, 2015

Hon. William H. Orrick
United States District Court Judge